# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY HOLT, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:12-cv-00463-KJD-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| U.S. BANK N.A., ) | |
| ) | |
| Defendants. ) | |

    This matter is before the Court on Plaintiff's Motion to Stay (#12), filed April 4, 2012; Defendant's Response (#15), filed April 9, 2012; and Plaintiff's Reply (#19), filed April 19, 2012. By way of this motion, Plaintiff requests that the Court stay further action in this case pending resolution of Plaintiff's motion for declaratory relief (#8), motion to remand (#9), motion for declaratory relief (#11), and a motion for a temporary restraining order/preliminary injunction filed before removal.  Although styled as a request to stay all further proceedings, the Court construes the motion as a request to stay discovery pending resolution of the identified motions.

    As a general matter, courts have broad discretionary power to control discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a detailed and thorough review of the state of the law as pertains to staying discovery.  The court determined that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach remains as was previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).  Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues.  *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 652).

The party seeking a stay of discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. Dispositive motions are a frequent part of federal practice. An overly lenient standard for granting requests to stay due to pending dispositive motions would result in unnecessary delay in many cases. Evaluation of a request for a stay often requires a magistrate to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id*. (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.

The Court has taken a preliminary peek at the pending motions and finds that Plaintiff has not met his "heavy burden" to show why discovery should be denied or the case otherwise stayed. The Court is convinced that Plaintiff is unlikely to prevail on the motions filed before removal. To prevail on a request for preliminary injunction, the moving party must establish, among other things, the likelihood of success on the merits. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).[1] Plaintiff's motion for declaratory relief (#8) is not a motion at all – it is an order entered in another case that has no bearing on this case. Plaintiff's motion for declaratory relief (#11) appears to be nothing more than an attempt by Plaintiff to obtain the ultimate relief requested in his complaint without affording Defendant the opportunity to challenge or contest the allegations. The purposes of Rule 1 would not be served by entering a stay pending the resolution of these motions.

Plaintiff also requests a stay pending resolution of his motion to remand (#9). The motion to remand does not appear to have a high likelihood of success. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different

---

[1] Temporary restraining orders are governed by the same standard applicable to preliminary injuctions. *See Accelerated Care Plus Corp. v. Diversicare Management Services Co.*, 2011 WL 3678798 (D. Nev. 2011) (citation omitted).

States." Plaintiff does not contest the diversity of citizenship requirement, but asserts that the amount in controversy does not exceed $75,000 and that Defendants do not have a monetary stake in the outcome. Plaintiff's contentions are disingenuous. The complaint clearly seeks rescission of the contract as well as quiet title to the subject property which would require rescission of the promissory note. At the time of foreclosure, the Deed of Trust stated that the amount of the loan was in excess of $600,000. Defendant U.S. Bank purchased the property at foreclosure for $445,000. Thus, for purposes of determining whether a stay is appropriate, the undersigned is persuaded that the value of this lawsuit it at least the value of the subject property and, more likely, the value of the loan - both of which appear to exceed the $75,000 threshold for diversity jurisdiction. *See Schultz v. BAC Home Loans Servicing, LP*, 2011 WL 1771679 2011 at *2 (D. Ariz.) (finding that when a party seeks to quiet title, the amount in controversy is at least the value of the subject property and, more likely, the value of the loan); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (a removing party need only establish that it is "more likely than not" that the amount in controversy exceeds $75,000).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (#12) is **denied**.

DATED this 23rd day of May, 2012.

C.W. Hoffman, Jr.
United States Magistrate Judge