# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY HOLT, | |
| Plaintiff, | Case No.  2:12-cv-00463-KJD-CWH |
| vs. | **ORDER** |
| U.S. BANK N.A., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Strike (#24), filed April 26, 2012, and Defendant's Response (#28), filed May 11, 2012.  The Court will also consider Plaintiff's Motion to Strike (#37), filed May 21, 2012.

**1. Plaintiff's Motion to Strike (#37)**

By way of this motion, Plaintiff requests that the Court strike a portion of Defendant's response (#29).  As a general matter, federal courts disfavor motions to strike.  *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1339 (N.D.Cal.1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.") (citing sources); *United States v. 729.773 Acres of Land, More or Less, Situate in City and County of Honolulu,* 531 F.Supp. 967, 971 (D.Haw.1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor."); *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1478 (C.D.Cal.1996) ("Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.") (cites and quotes omitted).  In light of the foregoing, the Court cannot find that Plaintiff's contentions that Defendant has "distorted reality" and "mischaracterize[d]" the facts of the case are sufficient to support the request to strike.

**2. Plaintiff's Motion to Strike (#24)**

By way of motion (#24), Plaintiff requests that the Court Strike Defendant's response to

Plaintiff's motion for preliminary injunction (#21).  Plaintiff argues that the response is (1) an improper surreply to Plaintiff's motion (#11) or, alternatively, (2) untimely.  Defendant counters that Plaintiff has misconstrued the filing as surreply, and that the response was timely pursuant to the Federal Rules.  The Court agrees with Defendant.

Plaintiff's claim that the response (#21) is an improper surreply is understandable, but incorrect.  For some reason, the electronic docket identifies Defendant's response (#15) as a response to Plaintiff's motion for declaratory relief (#11).  The response (#15) is a response to Plaintiff's motion to stay (#12).  It is not a response to the motion for declaratory relief.[1]  Plaintiff's claim that the response is untimely is also incorrect.  Plaintiff concedes that, under the applicable rules, the original date for response was Saturday, April 21, 2012.  Pursuant to Fed. R. Civ. P. 6, because the last day for to file a response fell on a Saturday, the period was automatically extended to Monday, April 23, 2012, the date the response was filed.  Fed. R. Civ. P. 6(C) ("include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#24) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#37) is **denied**.

DATED this 23rd day of May, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

---

[1] The full caption of the response (#15) is "Defendant U.S. Bank N.A.'s Response to Plaintiff's Motion to Stay Litigation Proceedings Pending Determination on Motion to Remand, Motion for Declaratory Relief, and Motion for TRO/Preliminary Injunction."  In reviewing the filing and placing it on the electronic docket, it appears the Clerk's Office inadvertently identified the response as an omnibus filing to Plaintiff's pending motions (#8), (#11), and (#12).