1

2

3                       **UNITED STATES DISTRICT COURT**

4                           **DISTRICT OF NEVADA**

5

6    RODNEY HOLT,                          )
                                           )
7               Plaintiff,                 )         Case No.  2:12-cv-00463-KJD-CWH
                                           )
8    vs.                                   )         **ORDER**
                                           )
9    U.S. BANK N.A.,                       )
                                           )
10              Defendants.                )
     _____)

11

12         This matter is before the Court on Plaintiff's Motion to Compel (#58), filed July 6, 2012;

13   Defendant's Response (#62), filed July 19, 2012; and Plaintiff's Reply (#64), filed July 31, 2012.

14         Pursuant to Federal Rule of Civil Procedure 37, Plaintiff seeks to compel responses to his

15   Rule 33, Rule 34, and Rule 36 discovery requests.  Responses to Rule 33, 34, and 36 are, as a

16   general matter, due within 30 days after the requests are served.[1]  The discovery requests were

17   personally served on defense counsel on June 6, 2012.  Because the requests were personally

18   served, the responses were due on or before July 6, 2012.  *See* Fed. R. Civ. P. 6(d).

19         On July 3, 2012, three days prior to when responses to the discovery requests were due,

20   Plaintiff contacted defense counsel.  *See* Pl.'s Reply (#64) 1:19-20.  Defense counsel informed

21   Plaintiff that the responses were forthcoming and that Defendant would likely seek a protective

22   order. On July 6, at approximately 4:30 p.m., having not received responses from Defendant,

23   Plaintiff filed his motion to compel.  Defendant, however, mailed its responses to Plaintiff's

24   address of record on July 6, 2012.  Pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), service

25   may be accomplished by mailing it to the person's last known address and, in such instances,

26   _____

27         [1]  The party responding to Rule 33 requests must "serve its answers and any objections within 30 days
     after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2).  The party to whom Rule 34 requests are
28   directed "must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2).  The party to
     whom Rule 36 requests are directed must serve a written answer or objection to the requests "within 30 days after
     being served." Fed. R. Civ. P. 36(a)(3).

service is complete upon mailing.  Thus, the Court finds that Defendant did timely serve responses to the various discovery requests.[2]

There are two additional issues raised by the parties in the moving papers.  First, it does appear that the address currently on file for Plaintiff is incorrect.  *See* Pl.'s Mot. (#55) (indicating that Plaintiff no longer resides at the address on file with the Court).  The Local Rules provide that a plaintiff "shall immediately file with the Court written notification of any change of address.  The notification must include proof of service upon each opposing party or party's attorney.  Failure to comply with this Rule may result in dismissal of the action with prejudice."  *See* LSR 2-2.  To avoid potential dismissal, Plaintiff must provide an updated address to the Court and opposing counsel.

Second, the Court declines to address the motion to compel based on Plaintiff's representation that the responses provided are insufficient.  The briefing currently before the Court does not include any of Defendant's responses.  *See* LR 26-7(a) ("All motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any.").  More importantly, given that the responses were received after the motion was filed, it was not possible for the parties to adequately engage in the required meet and confer prior to the filing of this motion.

Pursuant to Fed. R. Civ. P. 37(a)(1), a party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Additionally, LR 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

Both the meet and confer requirement of Rule 37 and the personal consultation requirement

---

[2] This finding is limited to the timing of the responses.  The Court makes no finding as to the adequacy of the responses.

1   of LR 26-7(b) serve important purposes.  Compliance is required "to lessen the burden on the court

2   and reduce the unnecessary expenditure of resources by litigants, through the promotion of

3   informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D.

4   118, 120 (D. Nev. 1993).  The consultation obligation "promote[s] a frank exchange between

5   counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before

6   judicial resolution is sought." *Id*.  In order to serve its purpose, parties must "treat the informal

7   negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of

8   discovery disputes." *Id*.  To do so,

9   [t]he parties must present to each other the merits of their respective positions
    with the same candor, specificity, and support during the informal negotiations
10  as during the briefing of discovery motions.  Only after the cards have been laid
    on the table, and a party has meaningfully assessed the relative strengths and
11  weaknesses of its position in light of all available information, can there be a
    "sincere effort" to resolve the matter.

12  *Id*.

13          In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the

14  Court identified two prongs to Rule 37's meet and confer requirement.  First, the moving party must

15  provide a certification which "accurately and specifically conveys to the court who, where, how,

16  and when the respective parties attempted to personally resolve the discovery dispute" – the

17  certification requirement. *Shuffle Master*, 170 F.R.D. at 170.  Second, the moving party must

18  actually confer or attempt to confer in good faith  – the performance requirement. *Id*.  The moving

19  party must move beyond cursory statements and "must adequately set forth in the motion essential

20  facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of

21  the good faith conferment between the parties." *Id*. at 171.  A good faith attempt requires more than

22  the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the

23  discovery dispute through non judicial means." *Id*.  Doing so accomplishes the underlying policy of

24  Rule 37(a)(1) and LR 26-7(b).

25          Based on the foregoing and good cause appearing therefore,

26          **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#58) is **denied**.

27          **IT IS FURTHER ORDERED** that Plaintiff shall provide the Court with written

28  notification of his address by September 3, 2012.  The notification must include proof of service

3

1    upon defense counsel.  Failure to comply may result in an order that this action be dismissed.

2           **IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to

3    Plaintiff's address on file with the Court.

4           DATED this 22nd day of August, 2012.

5

6                                                           _____
                                                            C.W. Hoffman, Jr.
7                                                           United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28