12-

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RODNEY HOLT,

     Plaintiff,

      Case No. 2:12-CV-00463-KJD-CWH

v.

      **ORDER**

US BANK N.A.,

     Defendant.

Before the Court is Defendant US Bank's Motion to Dismiss (#32). Plaintiff Rodney Holt has filed an opposition (#46) and Defendant has filed a reply (#49).

Also before the Court is Plaintiff's Motion to Remand (#9) to which Defendant has replied (#14) and Plaintiff has responded (#18).

I. Background

Plaintiff purchased real property located at 2259 Buckingham Court, Henderson, Nevada (the Property") and the deed was recorded on August 9, 2001. On August 11, 2005, Plaintiff executed a Deed of Trust (the "Deed of Trust") from Wells Fargo Bank, N.A. The amount of the loan was $617,500. On May 30, 2006, Plaintiff executed an "Open-End Deed of Trust" whereby Wells Fargo Bank, N.A. was the Lender and Beneficiary and American Securities Company of Nevada was the Trustee. The amount of the second loan was $50,000.

On November 10, 2010, a "Notice of Default and Election to Cause Sale" was recorded by National Default Servicing Corporation ("National Default") acting as agent for Wells Fargo, which noted that Plaintiff had failed to make payments on the Deed of Trust.  As of November 11, 2010, Plaintiff was in arrears in the amount of $38,720.55.  A Substitution of Trustee was signed on January 27, 2011 and was recorded February 14, 2011, whereby the Beneficiary on the Deed of Trust substituted National Default as Trustee.

On February 14, 2011, a "Corporation Assignment of Deed of Trust" was recorded providing notice pursuant to N.R.S. § 106.210 of a transfer in the beneficial interest in the Deed of Trust to Bank of America N.A.  A certificate from the Nevada Foreclosure Mediation Program was recorded on February 14, 2011 indicating that mediation had been declined.  Also on February 14, 2011, a "Notice of Trustee's Sale" was recorded setting a sale date for March 8, 2011. As of February 14, 2011, the balance of the mortgage was $618,236.  The sale date was reset several more times.

On January 5, 2012, the Property was sold at a foreclosure sale and on January 13, 2012, the Deed of Trust was assigned to Defendant.  On January 13, 2012, a Trustee's Deed Upon Sale was recorded indicating that Defendant purchased the Property at the foreclosure sale for $445,000.  As of the date of the sale, the amount owed on the mortgage was $661,958.

On September 29, 2011, Plaintiff filed an action in state court against Wells Fargo and National Default.  That action was removed to federal court as case 2:12-cv-PMP-CWH.  Judge Pro granted motions to dismiss in that case and it was terminated on February 21, 2012.  On February 9, 2012, Plaintiff filed this action in state court against Bank of America and Defendant and on March 19, 2012, it was removed it to this Court. Plaintiff voluntarily dismissed Bank of America on April 18, 2012.

Plaintiff's Complaint contains requests relief for quiet title, aiding and abetting wrongful foreclosure, unlawful foreclosure, unlawful reliance on falsified documents against property rights, false recordation concerning title to real properly, broken chain of custody, cancellation of

1   instruments, unjust enrichment, injunctive relief, declaratory relief, slander of title, and

2   retaliatory/wrongful filing of unlawful detainer.

3   II. Motion to Remand

4   　　　Plaintiff's Motion to Remand lacks merit.  Judicially noticeable documents demonstrate that

5   the amount in controversy far exceeds the jurisdictional requirement, and Defendant is diverse in

6   citizenship from Plaintiff.  Plaintiff's complaint does not present novel claims of law, and in fact,

7   cases of this exact nature comprise a significant portion of the Court's docket.  Accordingly, the

8   Motion for Remand is denied.

9   III. Motion to Dismiss

10   　　　A.  Legal Standard

11   　　　A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

12   relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

13   and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

14   8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

15   detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

16   recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

17   (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise

18   above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a

19   complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its

20   face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

21   　　　In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when

22   considering motions to dismiss.  First, a district court must accept as true all well-pled factual

23   allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

24   Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

25   statements, do not suffice.  Id. at 1949.  Second, a district court must consider whether the factual

26   allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially

3

1    plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable

2    inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint

3    does not permit the court to infer more than the mere possibility of misconduct, the complaint has

4    "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

5    omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

6    the complaint must be dismissed.  Twombly, 550 U.S. at 570.

7          Plaintiff is representing himself *pro se*.  Courts must liberally construe the pleadings of pro se

8    parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990).  However, "pro se

9    litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of

10   record." Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986).

11         B. Quiet Title and Slander of Title

12         Under Nevada law, a quiet title action may be brought by someone who claims an adverse

13   interest in property. N.R.S.§ 40.010.  "In a quiet title action, the burden of proof rests with the

14   plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev.

15   1996).  Specifically, when an adverse claim exists, the party seeking to have another party's right to

16   property extinguished, must overcome the "presumption in favor of the record titleholder." Id. (citing

17   Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985).  A borrower cannot quiet title to a

18   property without discharging any debt owed. See Fuleihan v. Wells Fargo, 2010 WL 3724186 at *5

19   (D.Nev. 2010).  Courts of this District have held that an action for quiet title "should be dismissed

20   where plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan

21   Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted).

22         Plaintiff's argument that Defendant acted improperly fails to state a cognizable legal theory.

23   Even if the Court accepted Plaintiff's claim that Defendant lacked standing to obtain title to the

24   Propery, Plaintiff's Complaint fails to state any plausible claim that he has good title in himself or

25   that his title was slandered.  Further, Plaintiff has provided no indication that the debt he owes on the

26

4

1    Property has been extinguished.  Accordingly, Plaintiff's quiet title and slander of title claims fail as

2    a matter of law and are dismissed.

3           C.  Wrongful Foreclosure and Aiding and Abetting Wrongful Foreclosure

4           Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender

5    wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner

6    was not in default on the mortgage loan. See Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d

7    610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether

8    nonpayment was appropriate); see also Haley v. Elegen Home Lending, LP, 2010 WL 1006664, *1

9    (D.Nev. 2010) ("[a]n action for wrongful foreclosure requires that, at the time of the foreclosure sale,

10   the plaintiff was not in breach of the mortgage contract.")

11          Plaintiff has failed to allege that he was current on his mortgage. Accordingly, he fails to state

12   a claim for wrongful foreclosure and these causes of action are dismissed.

13          D. Statutorily Defective Foreclosure, Unlawful Reliance on Falsified Documents, False

14   Representation Concerning Title to Real Property, Broken Chain of Custody, Retaliatory and

15   Wrongful Filing of Unlawful Detainer

16          Each of these claims arises out of Plaintiff's assertion that Defendant has failed to show

17   proper chain of custody in Plaintiff's Note, that the Note was split from the deed of trust, and that

18   various assignments were invalid.

19          Nevada law provides that a deed of trust is an instrument that may be used to "secure the

20   performance of an obligation or the payment of any debt." NRS § 107.020. Upon default, the

21   beneficiary, the successor in interest of the beneficiary, or the trustee may foreclose on the property

22   through a trustee's sale to satisfy the obligation. NRS § 107.080(2)(c). The procedures for

23   conducting a trustee's foreclosure sale are set forth in NRS § 107.080.[1]  Case law within this district

24   holds that N.R.S. § 107.080 "does not require a lender to produce the original note or prove its status

25   _____

26        [1] The version of NRS § 107.080 in force at the time the foreclosure began did not require production of the note
or proof of holder status to proceed with a trustee's sale.

as a real party in interest, [a] holder in due course, current holder of the note, nominee of the current holder of the note, or any other synonymous status as a prerequisite to nonjudicial foreclosure proceedings." Kwok v. Recontrust Company, N.A., 2010 WL 4810704, at *4 (D.Nev.2010); see also Ritter v. Countrywide Home Loans, Inc., 2010 WL 3829378, at *3 (D.Nev.2010).  Further, the theory that a party is not entitled to foreclose because the note was split from the deed of trust has been repeatedly rejected. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir.2011).

Plaintiff claims that Defendant acted improperly because it cannot conclusively demonstrate a chain of title in the Note. Nevada law does not require that assignments of beneficial interest be recorded, and the provisions of the Deed of Trust have been interpreted to provide the broadest possible authority for the owner of the beneficial interest and its agents to assign or sell the interest in the debt.  See Lasao v. Stearns Lending Co., 2011 WL 3273923, at *3 (D. Nev. July 29, 2011); see also N.R.S. § 106.210.  Plaintiff also claims that the parties issuing the notice of default and notice of trustee's sale lacked authority because they were not the beneficiary, the successor in interest to the beneficiary, or the trustee appointed by the lender. However, the original Notice of Default shows that, when it was recorded, National Default was acting as agent for Wells Fargo.  Plaintiff has provided no authority stating that a beneficiary cannot record a Notice of Default through an agent. The subsequent notices of default were recorded after National Default had been duly substituted as trustee.  Plaintiff has failed to plead any plausible claim for relief which would demonstrate that Defendant did not substantially comply with the foreclosure statutes. N.R.S. § 107.080(5). Accordingly, all claims arising out of Plaintiff's chain of title and invalid assignment theories fail as a matter of law.[2]

E.  Cancellation of Written Instruments

_____

[2] To the extent that Plaintiff asserts claims under N.R.S. § 205, the claims are invalid.  That seciond governs crimes against property and criminal statutes cannot form the basis of a civil suit without express civil enforcement provision. See Burgess v. City and County of San Francisco, 49 F. App'x 122 (9th Cir.2002).

1    Cancellation of the contract or rescission "is a remedy, equitable in nature, that allows an

2    aggrieved party to a contract to abrogate totally, or cancel, the contract, with the final result that the

3    parties are returned to the position they occupied prior to formation of the contract. Great American

4    Ins. Co. v. General Builders, Inc., 113 Nev. 346, 354 (Nev. 1997) citing Bergstrom v. Estate of

5    DeVoe, 109 Nev. 575, 577 (1993).  A plaintiff, seeking rescission "must restore the defendant to the

6    position he occupied before the transaction in question. Such restoration entails the restoration of all

7    benefits and profits which the plaintiff may have realized from the transaction." Stanley v. Limberys,

8    74 Nev. 109, 113, 323 P.2d 925, 927 (Nev.1958).

9    Plaintiff does not dispute that he is default on his mortgage. The pleadings do not indicate

10   that Plaintiff has sought or would be able to place Defendant back into the position it was in prior to

11   the transaction in question and Plaintiff has not alleged any facts showing that he is entitled to

12   equitable cancellation of the written instruments at issue here.  Accordingly, this claim is dismissed.

13       F.  Unjust Enrichment

14   Unjust enrichment occurs where "a person has and retains a benefit which in equity and good

15   conscience belongs to another."  Mainor v. Nault, 101 P.3d 308, 317 (Nev. 2004) (citation omitted).

16   This standard is met where there is "a benefit conferred on the defendant by the plaintiff,

17   appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such

18   benefit." Topaz Mut. Co. v. Florence Marsh, 839 P.2d 606, 613 (Nev. 1992) (citation omitted).

19   Plaintiff states no plausible claim that Defendant has retained a benefit that equitably belongs

20   to him.  Foreclosure is a fair, legally supported, and appropriate remedy for Plaintiff's failure to pay

21   his mortgage.  Accordingly, this claim fails as a matter of law.

22       G.  Injunctive Relief and Declaratory Relief

23   Injunctive relief is not a separate cause of action or an independent ground for relief. See In re

24   Wal–Mart Wage & Hour Employ. Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007)

25   (dismissing the count for injunctive relief because it was not an independent ground for relief or a

26

7

1    separate cause of action).  Since the Court has dismissed each of Plaintiff's underlying claims, he is

2    not entitled to injunctive relief.

3          G. Leave to Amend

4          Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so

5    requires." Fed. R. Civ. P. 15(a)(2).  Under this standard, there is a general "policy to permit

6    amendment with 'extreme liberality.'" Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir.

7    2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

8          The Court has serious doubts that Plaintiff will be able to state any plausible claims if he

9    chooses to amend his Complaint.  Furthermore, given the prolific nature of Plaintiff's pleadings in

10   this and the other action filed in this district, the Court recognizes the burden on Defendant in

11   responding to Plaintiff. However, because of the liberal standard for amendment, the Court will not

12   expressly forbid Plaintiff from filing a motion for leave to amend, which includes a proposed

13   amended complaint.  The Court warns Plaintiff that he is forbidden to seek leave to amend his

14   Complaint to state claims based on any of the invalid legal theories dismissed in this Order.

15   Specifically, Plaintiff may not base any claim in any proposed amended complaint on arguments that

16   Defendant is required to produce the original note or prove chain of title, that Defendant is required

17   to prove its status as a real party in interest, that securitization rendered his mortgage unenforceable,

18   that foreclosure is invalid because the note and the deed of trust have split, or that he can recover for

19   wrongful foreclosure while he is in default. Failure to follow this direction will result in Plaintiff

20   being ordered to pay attorney's fees incurred by Defendant in responding to these claims.  Further,

21   Plaintiff is advised that the Court will not entertain any motion for reconsideration of this Order.

22   IV. Motion to Expunge Lis Pendens

23         Also before the Court is Defendant's Motion to Expunge Lis Pendens (#50).  Plaintiff filed a

24   response (#59).

25

26

1    NRS § 14.010 allows a Notice of Pendency or a Lis Pendens to be filed for an action pending

2  in the United States District Court for the District of Nevada when there is "a notice of an action

3  affecting real property, which is pending," in any such court. NRS § 14.010(2).

4    This Order dismisses this action.  Accordingly, the Motion to Expunge Lis Pendens is

5  granted.

6  V. Conclusion

7    **IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss (#32) is **GRANTED**

8  and this action is **DISMISSED**.

9    **IT IS FURTHER ORDERED THAT** the Plaintiff's Motion for Remand (#9) is **DENIED**.

10    **IT IS FURTHER ORDERED THAT** the Motion to Expunge Lis Pendens (#50) is

11  **GRANTED**.

12    **IT IS FURTHER ORDERED THAT** Plaintiff may file a motion for leave to amend which

13  complies in every respect with this Order.  Should Plaintiff choose to file a motion for leave to

14  amend, he must do so within 14 days of the date of this Order.

15    **IT IS FURTHER ORDERED** that this action is dismissed and Plaintiff's Motion for

16  Declaratory Relief to Determine Defendant's True Standing to Collect (#8), Plaintiff's Motion for

17  Declaratory Relief (#11), Plaintiff's Emergency Motion for Declaratory Relief (#22), Plaintiff's Ex

18  Parte Motion for Order Granting Plaintiff's Unopposed Motion for Preliminary Injunction (#23)

19  Plaintiff's Motion to Strike (#25), Defendant's Motion for Hearing (#51), Defendant's Motion for

20  Protective Order (#57) and Plaintiff's Motion for Order to Show Cause (#66) are **DENIED** as moot.

21    DATED this 7th day of September 2012.

22

23

24  _____

25  Kent J. Dawson
    United States District Judge

26

9